IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| **RONALD MIKLOSOVIC and** | )<br>) |
| **KIMBERLY MIKLOSOVIC,** | )<br>) Hon.<br>) |
| Plaintiffs, | ) Case No.<br>) |
| v. | ) Demand for Jury Trial<br>) |
| **MERIDIAN FINANCIAL SERVICES, INC.** | )<br>) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs RONALD MIKLOSOVIC AND KIMBERLY MIKLOSOVIC (hereinafter "Plaintiff" or "Plaintiffs") and, by way of this Complaint, by and through DC Capital, Law, LLP, against the Defendant, Meridian Financial Services, Inc. ("Defendant" or "Meridian"), state as follows:

### I.  PRELIMINARY STATEMENT

1.  Plaintiffs bring this action for the illegal practices of the Defendant, *inter alia*, for using false, deceptive, and misleading practices, and other illegal collection communications in connection with its attempts to collect an alleged defaulted debt from Plaintiffs in violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., and N.C.G.S. § 58-70 et seq., titled the "North Carolina Collection Agency Act" ("NCCAA"), both of which prohibit debt collectors and collection agencies from engaging in abusive, deceptive, and unfair practices in attempting to collect upon consumer debt.

2. Such violative collection practices include, *inter alia*, sending consumers written communications that:

   a. make false, deceptive, and misleading representations that Defendant is allowed and permitted by law to collect a one-third percentage of the principal amount owed in the form of percentage collection fees not authorized by the original contract between Plaintiffs and Tree Tops Resort Condominium Association, Inc ("Original Creditor" and "Association") or otherwise permitted by law in the form of, *supra,* **Exhibit 3** and **Exhibit 5** and **Exhibit 7**; and

   b. Collect and attempt to collect debt by directly communicating with the Plaintiffs having full knowledge that Plaintiffs are represented by counsel with respect to said debt in the form of, *supra,* **Exhibit 5**.

## II. STATUTORY SCHEMES AND APPLICABLE CASE LAW

### A. The Fair Debt Collection Practices Act

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e). To advance the purposes of the FDCPA, Congress included several specific consumer-protective rights, including, but not limited to, those in § 1692c, § 1692e, and § 1692f.

4. Under the FDCPA, a "consumer" is defined as any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3).

5. As defined under section 1692a (5) of the FDCPA, a "debt" is defined as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a (5).

6. It follows that a "debt collector," as defined under section 1692a(6), is any person who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a (6).

7. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether conduct violates the FDCPA.

8. To prohibit deceptive practices, the FDCPA outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. See 15 U.S.C. § 1692e. Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

9. Likewise, to prohibit unconscionable and unfair practices, the FDCPA outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-

exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. See 15 U.S.C. §§ 1692f. Included among the *per se* violations prohibited in this section are the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law. 15 U.S.C. § 1692f (1).

10. The collection of any amount not expressly authorized in the underlying debt contract is a violation of the FDCPA. See 15 U.S.C. § 1692f. Debts including the collection fees based on a percentage of the principal amount of the debt, e.g. 33-⅓%, rather than the actual costs of collection, have routinely been found to violate the FDCPA. *See, e.g., Bradley v. Franklin Collection Serv. Inc.*, 739 F.3d 606 (11th Cir., 2014).

11. The collection of any amount not expressly authorized in the underlying debt contract is a violation of the FDCPA. "While the Eleventh Circuit has not previously addressed this issue, we find the Eighth Circuit's reasoning in *Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318, 1318 (8th Cir. 2000) (per curiam), to be persuasive. There, the Eighth Circuit held that the debt collector violated the FDCPA when it charged the debtor a collection fee based on a percentage of the principal balance of the debt due rather than the actual cost of collection. Id." *Bradley v. Franklin Collection Services Inc*. (739 F.3d 606 (11th Cir. 2014)). *See also Kaymark v. Bank of America, NA*, 783 F. 3d 168 - Court of Appeals, 3rd Circuit 2015.

12. The FDCPA offers a mandatory guide for debt collectors to avoid charging debtors for charges, fees and costs beyond the guidelines of the Original Contract at 15 U.S.C. § 1692f:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

13. Moreover, under the FDCPA, when a consumer is represented by an attorney with respect to a certain debt and the debt collector knows that the consumer is represented with respect to such debt, or can readily ascertain such attorney's name and address, the debt collector is prohibited from making any communication with the consumer in connection with that debt. 15 U.S.C. § 1692c(a)(2).

14. The North Carolina Collection Agency Act ("NCCAA"), North Carolina's counterpart to the FDCPA, codified at N.C.G.S. § 58-70 et seq prohibits debt collectors and collection agencies from engaging in abusive, deceptive, and unfair practices in attempting to collect upon consumer debt.

15. Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the "least sophisticated consumer." *United States v. Nat'l Fin. Servs., Inc*., 98 F.3d 131, 136 (4th Cir.1996). The least-sophisticated-consumer test is an objective standard that evaluates § 1692e claims based upon how the least sophisticated consumer would interpret the allegedly offensive language. See *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir.2010). *BaranySnyder v. Weiner*, 539 F.3d 327, 333 (6th Cir.2008) ("Courts use the 'least sophisticated consumer' standard, an objective test, when assessing whether particular conduct violates the FDCPA.").

16. The goal of the NCCAA is to provide the consumer with the most protection possible under either the state or federal statute.

17. Defendant violated, and continues to violate, the NCCAA in that it deceptively represented that payment of 33% was due from Plaintiffs in direct violation of N.C.G.S. § 58-70-110 and § 58- 70-110(6).

18. Defendant violated, and continues to violate, the NCCAA in contacting Plaintiffs directly when they were aware the Miklosovics were represented by an attorney in violation of N.C.G.S. § 58-70-105 and § 58- 70-105(1).

### III. PARTIES

19. Plaintiffs are natural persons and consumers under the FDCPA and debtors and/or consumers under the FCCPA, and, at all times relevant to this complaint, Plaintiffs have and continued to reside in the City of Marietta, State of Georgia.

20. Plaintiffs are "consumers" as defined and protected by the FDCPA, 15 U.S.C. § 1692(a)(3) and by the NCCAA, N.C.G.S. § 58-70-90(2).

21. At all times relevant to this complaint, Defendant is a debt collector under the FDCPA and a debt collector and/or consumer collection agency under the NCCCA collecting on timeshare and condominium association debt and is incorporated in the State of North Carolina with a Resident Agent in the City of Ashville, County of Buncombe, and State of North Carolina.

22. Defendant holds a collection agency license from the North Carolina Department of Insurance as required pursuant to N.C.G.S. § 58-70-1.

23. Assessments for condominium and homeowners' associations on property acquired for personal family or household purposes are FDCPA debts. *See Newman v. Boehm, Pearlstein & Bright*, 119 F.3d 477 (7th Cir., 1997). This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction under the FDCPA.

### IV. JURISDICTION & VENUE

24. Jurisdiction arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

6

25. Supplemental jurisdiction for Plaintiffs' state law claims arise under 28 U.S.C. § 1367. The factual basis of the FDCPA claim is the same as the factual basis of the NCCAA claim and this district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

26. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

27. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the debt collection under the FDCPA giving rise to Plaintiffs' claims occurred within this federal judicial district at the time this action is commenced.

## V. FACTUAL ALLEGATIONS

28. Plaintiffs allegedly entered into an agreement to purchase a timeshare property from the Original Creditor, Tree Tops Resort and obligating Plaintiffs to pay yearly maintenance fees to the Association.

29. In a statement, dated February 2, 2018, the Tree Tops Association advised Plaintiffs that they owed a total of $555 for 2018 maintenance fees and if they were not paid in 15 days, the account would be sent to a collection agency. **See Exhibit 1**.

30. Because of financial hardship, Plaintiffs were unable to meet their alleged obligations and the Tree Tops debt allegedly fell into default. *See supra* **Exhibit 2**.

31. On May 22, 2018, Tree Tops Association advised Plaintiffs that their debt was being sent to a collection agency, Meridian Financial Services, Inc and that Meridian has "assessed an "administrative fee" of $185.00 to your account to cover cost of collection." There was no indication or proof why or how the $185.00 was allowed or justified in the contract between Plaintiff and the Original Creditor. **See Exhibit 2**.

7

32. The following month, Plaintiffs received a letter from Defendant and with Tree Tops as the Creditor, dated May 24, 2018, and advising Plaintiffs their account had been assigned to Defendant "for collections." The letter further stated that "[t]his is a communication from a debt collector," [t]his is an attempt to collect debt," and "[a]ny information obtained will be used for that purpose." "5/24/18 Debt Collection Letter," attached hereto as **Exhibit 3**.

33. Therein, Defendant contended that Plaintiffs now owed a "Total Due" amount of **$740.00**—with the $185.00 assessed by Meridian at **Exhibit 3**.

34. While Defendant failed to provide any breakdown of the debt allegedly owed, $185.00 is 33/3% of the principal amount owed. *See id*.

35. In response to Defendant's Debt Collection Letter, Plaintiffs, by and through their attorney, sent Defendant a letter, dated June 5, 2018, advising that the Plaintiffs were represented by counsel, disputing the debt, and requesting validation of the debt amount owed. "6/05/18 Debt Dispute and Validation Request," attached hereto as **Exhibit 4**.

36. The 6/05/18 Debt Dispute and Validation Request was sent within 30 days of the receipt of the 5/24/18 Debt Collection Letter by Plaintiffs. *See id.* and **Exhibit 4**.

37. Moreover, the 6/05/18 Debt Dispute and Validation Request provided the Defendant with the name of the Plaintiffs' attorney, the name of the attorney's law firm, the law firm's physical address, and other pertinent contact information. *See* **Exhibit 4**.

38. Despite Plaintiffs' attorney having notified Defendant that Plaintiffs were represented by counsel, Defendant sent a follow-up debt collection letter directly to Plaintiffs, dated June 26, 2018. "6/26/18 Debt Collection Letter," attached hereto as **Exhibit 5**.

39. The letter also threatened Plaintiffs' credit if the debt was not paid within 45 days of the placement of the date with Meridian. Again, the debt was disputed, and validation was

sought on 6/05/18 at **Exhibit 4**. Until the debt is validated and verified, it is in violation of the FDCPA and NCCAA to continued collecting on the debt and threaten a consumer's credit as the letter on 6/26/18 at **Exhibit 5** sought to do.

40. Defendant failed to provide any response to the 6/05/18 Debt Dispute and Validation Request or any contractual or legal basis that would authorize it to charge percentage collection fees to Plaintiffs under 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692f and f (1).

41. As such, Plaintiffs' attorney sent Defendant a second letter, dated July 26, 2018, again disputing the debt in the amount of $740.00 and requesting that Defendant validate said debt pursuant to the FDCPA. "7/26/18 Debt Dispute and Validation Request," attached hereto as **Exhibit 6**.

42. Defendant responded with a Validation and Verification of the debt, "7/26/18 Debt Dispute and Validation Response" at **Exhibit 7** seeking the same $740.00 as "Amount Due." None of information provided by Defendant showed any proof of $740.00 being owed by Plaintiffs or why the extra $185.00 was authorized by contract or law.

43. Defendant collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, by consumers of resort developers, property management companies, and homeowners' associations throughout North Carolina and other states, as stated on its website. Screenshot of Meridian's website attached hereto as **Exhibit 8**.






44. Defendant is not a "creditor" as defined by 15 U.S.C. § 1692a (4).

45. The 5/24/18 Debt Collection Letter, 6/26/18 Debt Collection Letter and the 7/23/18, Debt Collector Validation Response (collectively, "Debt Collection Letters") are "communication[s]" as that term is defined by the FDCPA and NCCAA.

46. The $185.00 increased amount Defendant is attempting to collect from Plaintiffs is 33/3% of the principal amount of debt allegedly owed and not authorized under contract or law. *See* **Exhibit 3** and **Exhibit 5** and **Exhibit 7.**

47. Thus, this action is founded upon the fact that Defendant violated the FDCPA and NCCAA by sending form communications to the Plaintiffs that demand they pay collection fees based on a percentage of the debt balance rather than actual costs of collection that were incurred by Defendant and/or pursuant to the agreement with the Original Creditor or by law. *See* **Exhibit 3** and **Exhibit 5** and **Exhibit 7**.

48. Plaintiffs are informed, and believe, and therefore allege that the form communications to Plaintiffs are intended to falsely convey that Defendant Meridian is legally

permitted to charge collection fees based on a percentage of the debt balance rather than the actual costs incurred pursuant to the agreement with the Original Creditor.

49. Plaintiffs have suffered an injury in fact and still face or have been subject to damage of their financial and public credit reputation (in 45 days of the assignment of the debt from Tree Tops to Meridian at **Exhibit 3**), collection fees, and increased interest if they do not pay as directed by the Debt Collection Letters and did suffer such injuries stated here and in the paragraphs above.

50. Plaintiffs suffered injury in fact when Defendant's wrongful conduct as alleged in the preceding paragraphs caused significant risks of harm to the Plaintiffs of paying more than was actually owed or more than Defendant was authorized to collect or attempt to collect. Plaintiffs continue to face risks of such harms.

51. Plaintiffs suffered further injury in fact when Defendant continued to contact the represented Plaintiffs. Such contacts breached the represented Plaintiffs' rights to be free of debt collector contacts, interfered with the attorney-client relationship by undermining the consumer attorney's authority as the Plaintiffs' representative, and created a substantial risk of harm to the Plaintiffs, as such contacts may result in the inadvertent and uncounseled disclosure of information, to the Plaintiffs' detriment.

## VI. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

52. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 28-51 of this Complaint.

53. Plaintiffs are and have been, at all times relevant to this lawsuit, "consumer[s]" as that term is defined by 15 U.S.C. § 1692a (3).

54. Plaintiffs purchased the timeshare property for personal, family, or household use. Assessments for condominium and homeowners' associations on property acquired for personal, family, or household purposes are FDCPA debts.

55. Defendant is and has been at all times relevant to this complaint a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

56. Defendant violated the FDCPA. Defendant's willful violations, with respect to its written communications in the forms attached as **Exhibit 3** and **Exhibit 5** and **Exhibit 7** include, but are not limited to, the following:

> A. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e; and
>
> B. Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A) in **Exhibit 3** and **Exhibit 5** and **Exhibit 7**; and
>
> C. Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B); and
>
> D. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e (10); and
>
> E. Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f and f (1) through **Exhibit 3** and **Exhibit 5** and **Exhibit 7**; and
>
> F. Collecting amounts that are incidental to the principal obligation, which amounts

are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §§ 1692e, 1692e (2), 1692f, and 1692f (1); and

G. Collecting and attempting to collect debt and unauthorized collection fees, through **Exhibit 5**, by directly communicating with the Plaintiffs having full knowledge that Plaintiffs were represented by counsel with respect to said debt in violation of 15 U.S.C. §§ 1692c(a)(2).

## VII. SECOND CAUSE OF ACTION
### VIOLATIONS OF THE NORTH CAROLINA COLLECTION AGENCY ACT

57. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 28-56 of this Complaint.

58. Plaintiffs are and have been at all times relevant to this complaint "consumer[s]" and/or "debtor[s]," as that term is defined by NCCAA, N.C.G.S. § 58-70-90(2).

59. Plaintiffs purchased the timeshare property for personal, family, or household use and is a consumer debt under the NCCAA. NCCAA, N.C.G.S. § 58-70-90.

60. Defendant is and has been at all times relevant to this complaint a "debt collector" and/or "consumer collection agency" engaged in the act and/or practice of debt collection as those terms are defined by NCCAA, N.C.G.S. §§ 58-70-15 and 58-70-90(1).

61. Defendant violated, and continues to violate, the NCCAA in that it deceptively represented that payment of 33/3% was owed to Defendant by Plaintiff and the Defendant contacted Plaintiffs directly when they knew Mr. and Mrs. Miklosovic were represented by an attorney in direct violation of N.C.G.S. § 58-70-110(6) and § 58-70-105(1).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the Plaintiffs as follows:

13

A. **For the FIRST CAUSE OF ACTION**:

(i) An award of the maximum statutory damages for Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii) An award of actual damages for Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(1);

(iii) For declaratory relief, pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendant's collection letter, which is attached hereto as **Exhibit 3** and **Exhibit 5** and **Exhibit 7**, and which is complained of herein, violates the FDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:

(i) For each and every violation of the NCCAA by Defendant, Plaintiffs are entitled to actual damages, statutory damages for each violation in an amount not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000.00), and their reasonable attorneys' fees and costs expended in prosecuting this action

(ii) An award of statutory and actual damages for an amount to be determined by the Court on Motion or at trial;

(iii) For such other and further relief as may be just and proper.

### IX. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

/ / /

Respectfully submitted this May 20, 2019.

                                              */s/ Maria Misse*
                                              Maria Misse, Esq.
                                              **DC Capital Law, LLP**
                                              700 12th Street NW #700
                                              Washington, D.C. 20005
                                              202-793-4433
                                              mmisser@dccapitallaw.com
                                              *Attorney for Plaintiffs*