IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 157 MR WCM

| | | |
|---|---|---|
| RONALD MIKLOSOVIC and, KIMBERLY MIKLOSOVIC | ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| MERIDIAN FINANCIAL SERVICES, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 8), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

In its Motion to Dismiss, Meridian Financial Services, Inc. ("Meridian") argues that Plaintiffs' claims asserting violations of the North Carolina Collection Agency Act, NCGSA §58-70-1 *et seq.* ("NCCAA"), and Plaintiff's federal law claims to the extent they are premised on violations of NCCAA, should be dismissed because Plaintiffs have failed to allege an instate injury. In support of this position, Meridian relies on a line of cases considering application of the North Carolina Unfair Trade Practices Act, NC GS § 75-1.1, *et seq.* ("Chapter 75") to a defendant that has committed a foreign act. See Doc. 9, pp. 6-7 (citing, *inter alia*, The 'In' Porters, SA v. Hanes Printables, Inc.,

663 F.Supp.494 (M.D.N.C. 1987); <u>Dixie Yarns, Inc. v. Plantation Knits, Inc.</u>, No. 3:93cv301, 1994 WL 910955 (W.D.N.C. July 12, 1994).

Meridian does not, however, address a separate line of cases that consider the application of Chapter 75 to a defendant that has committed a local act or omission. See <u>Ada Liss Group v. Sara Lee Corp.</u>, No. 06CV610, 2010 WL 3910433, at 13 (M.D.N.C. April 27, 2010); <u>Verona v. U.S. Bancorp</u>, 7:09-cv-57, 2011 WL 1252935, at * 15 (E.D.N.C. March 29, 2011). Plaintiff does not analyze either line of Chapter 75 cases in detail.

Additionally, neither party has discussed <u>Wynne v. I.C. System, Inc.</u>, 124 F.Supp.3d 734, 743-744 (E.D. Va. 2015), which raises a related issue regarding Plaintiffs' statutory standing to bring a claim pursuant to the NCCAA.[1]

The parties' positions regarding these issues are needed as the undersigned considers an appropriate recommendation regarding Defendant's Motion. <u>See</u>, <u>e.g.</u>, <u>Degidio v. Crazy Horse Saloon</u>, No. 4:13-cv-2136-BHH, 2015 WL 5834280, at * 6, n. 5 (D.S.C. Sept. 30, 2015) ("the Court is hesitant to *sua sponte* dismiss a cause of action for reasons that neither party has thoroughly briefed or addressed.").

---

[1] Although Meridian cites <u>Elyazidi v. SunTrust Bank</u>, 780 F.3d 227, 236-238 (4th Cir. 2015), a case considering the reach of seemingly similar Maryland statutes, Meridian does not analyze the case.

Accordingly, Plaintiffs and Meridian are each **DIRECTED** to file a supplemental brief addressing: 1) the line of cases considering application of Chapter 75 to a defendant who has committed a local act or omission. See <u>Ada Liss Group v. Sara Lee Corp.</u>, No. 06CV610, 2010 WL 3910433, at 13 (M.D.N.C. April 27, 2010); and 2) Plaintiffs' statutory standing to assert claims under the NCCAA. See <u>Wynne v. I.C. System, Inc.</u>, 124 F.Supp.3d 734, 743-744 (E.D. Va. 2015). Each Supplemental Brief is not to exceed seven (7) pages and shall be filed by April 24, 2020.

It is so ordered.

Signed: April 9, 2020

W. Carleton Metcalf
United States Magistrate Judge